## SAM LOVEN

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

*Contempt.*

This court dismisses the writ of error in the case presented, the facts being that a person named, was adjudged guilty of contempt by the Circuit Court for failure to comply with an order on the chancery side thereof, and was ordered to be confined in the county jail for the term of sixty days from a given date, which time has long since elapsed.

[Opinion filed October 28, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. D. M. KIRTON and HARRY OLSON, for plaintiff in error.

Mr. HENRY C. NOYES, for defendants in error.

MR. JUSTICE SHEPARD. The plaintiff in error was adjudged guilty of contempt by the Circuit Court for failure to comply with an order of said court on the chancery side thereof. The essential part of the order was as follows: "It is therefore ordered that the defendant, Sam Loven, be committed and confined in the county jail of Cook County, Illinois, for the term of sixty days from this date, to wit: November 30, A. D. 1891." From said order an appeal was prayed but was denied, whereupon this writ of error was prosecuted.

On December 4, 1891, plaintiff in error moved this court to make the writ of error a supersedeas, but the motion was denied. The order of commitment was for sixty days from a particular date, November 30, 1891, which time has long since elapsed. If plaintiff in error was arrested under the order he has long since served out his time; if not arrested the order could not now be enforced.

Gooding v. U. S. Life Ins. Co.

In such a case any order of this court would be idle and useless. A reversal would be inoperative to relieve the plaintiff in error from the punishment he has suffered, and an affirmance could not restore vitality to an order limited to particular dates long since passed. The writ of error will therefore be dismissed. People v. Sweeting, 2 Johns. 184.

*Dismissed.*