Hempstead Washburne, Mayor, etc., v. People ex rel. Charles King.

1. ACTIONS—*Fictitious.*—When it appears that a cause is fictitious and is being prosecuted, not for direct results, but for some use that might be made of the judgment, as a precedent in subsequent proceedings of the same kind, the court is under no duty to decide it.

Memorandum.—Petition for mandamus. Error to the Circuit Court of Cook County; the Hon. SAMUEL McCONNELL, Judge, presiding. Heard in this court at the October term, 1892, and dismissed. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

JOHN S. MILLER and GEORGE A. DuPuy, attorneys for plaintiffs in error.

OPINION OF THE COURT, GARY, P. J.

This is a writ of error to review the judgment of the Circuit Court, awarding against the plaintiff in error a mandamus requiring him, as mayor of the city of Chicago, to grant to the relator a license to keep a dram shop in the city.

Suspecting that the mandamus had been obeyed, and that this writ was being prosecuted, not for any direct result, but for use that might be made of the judgment of this court upon subsequent applications for licenses, we investigated, and learned that the dram shop for which the relator wanted a license was in full blast, and inferred that the license had been granted. Having called the attention of the counsel of the city to the fact and inference, and he not di-

puting either, we conclude, that in this suit there is nothing in controversy.

The court is under no duty to decide the case. Loven v. People, 46 Ill. App. 306. The principle of People v. Leland, 40 Ill. 118, Spraggins v. Houghton, 2 Scam. 211, and McConnell v. Shields, 1 Scam. 582, is applicable, and the writ of error is dismissed.