## John Aff v. John P. Hopkins, Mayor, etc.

1.   APPELLATE COURT PRACTICE—*Supposititious Cases.*—The Appellate Court is not authorized to consider supposititious cases.

2.   MANDAMUS—*The Writ—When Not to be Issued.*—A peremptory writ of mandamus will not be awarded where the right sought to be enforced is a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner.

**Memorandum.**—Mandamus.   Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Appeal dismissed in this court.   Opinion filed February 12, 1895.

ROBBINS S. MOTT, attorney for appellant.

GEORGE A. TRUDE, attorney for appellee; GEORGE A. DUPUY, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

September 21, 1893, the appellant filed a petition for a mandamus to compel the late Carter H. Harrison, whose tragic death shocked the nation as that of Carnot did the world, then mayor of the city of Chicago, to issue a dram-shop license for a term to end December, 1893.

April 28, 1894, by stipulation, John P. Hopkins, successor as mayor, was substituted as defendant or respondent, and the prayer changed to apply to a term to end before the record in this case was filed in this court.

Under the constitution and statutes of this State, this court is authorized to decide many questions of law in real controversies between parties as to their existing rights; but not, as we hold, to instruct or advise as to the law applicable to supposititious cases. What is really sought on this appeal is not a decision of what the law was as to dramshop licenses in 1893 and 1894, but what it is to be in 1895 or thereafter. The court does not consider such questions. Loven v. People, 46 Ill. App. 306; Washburn v. People, 50 Ill. App. 93.

On demurrer the court dismissed the petition. To reverse the judgment would be, if of any effect at all, to direct the court to issue the mandamus.

" It is a well recognized principle that courts, in exercising their jurisdiction in mandamus, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner." Gormley v. Day, 114 Ill. 185. All of which means that we won't hold a moot court. Bartemeyer v. Iowa, 18 Wallace 129.

If the appellant wants to keep a dramshop hereafter, his license must be upon an application and terms not alluded to in this record. The appeal is dismissed.