Mary A. Gubbins and Clayton Cunningham, Appellees, v. Philip O'Mahony, Individually and Executor, et al., Appellants.

### Gen. No. 17,476.

APPEALS AND ERRORS—*where parties have settled differences.* An appeal from a decree ordering an executor to sell certain real estate will be dismissed where it appears that the property was sold subsequent to the decree for a price acceptable to all concerned, the proceeds distributed and the executor discharged.

Gubbins et al. v. O'Mahoney, 176 Ill. App. 56.

Appeal from the Circuit Court of Cook county; the HON. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Appeal dismissed. Opinion filed December 19, 1912. Rehearing denied January 2, 1913.

WILLIAM RITCHIE, for appellants.

No appearance for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

The appellee, Mary A. Gubbins, was one of a number of beneficiaries named in the will of Timothy O'Mahony, in which Philip O'Mahony was made executor. She filed her bill in chancery seeking a decree ordering Philip O'Mahony to sell real property of the estate and to distribute the proceeds under the terms of the will. Other relief was also prayed for. It was contended by the defendants to the bill that the matter of a sale of real property was, under the will, solely within the discretion of the executor. Upon hearing the chancellor decreed the sale of the real property. From that decree appellants appealed to this court. Appellees did not enter their appearance here. Such in brief outline is the record before us.

It has been brought to the attention of this court by the attorneys in the case that subsequent to the entry of the decree Philip O'Mahony, executor, sold the property in question, for a price which was acceptable to all concerned; that the proceeds of the sale have been distributed to the beneficiaries, under the will, and that the executor has been discharged. The subject-matter of the litigation having been thus terminated to the apparent satisfaction of the parties, there is nothing for this court to pass upon. This court will not pass upon moot questions where parties have settled their differences. Aff v. Hopkins, 57 Ill. App. 529; American Bldg., Loan & Invest. Society v. People, 60 Ill. App. 332; Ebert v. Beedy, 113 Ill. 316. The appeal is therefore dismissed.

*Appeal dismissed.*