## THE STATE ex rel. MOUNT PLEASANT TOWNSHIP, Appellant, v. J. W. HALL et al.

### Division Two, June 5, 1924.

1. **MANDAMUS: Duty of Respondent.** Mandamus is not available unless relator has a clear legal right to the relief demanded and it is the imperative duty of respondent to perform the act demanded.

2. ———: **Against County Judges: Expiration of Terms: Abatement.** Mandamus was brought against the clerk and judges of the county court to compel them to extend against property in certain special road districts taxes previously levied by a township board of a township in a county under township organization. The case was tried in the circuit court, and decided in favor of respondents, and relator appealed to this court. At the present term respondents filed a verified motion in which they alleged that the terms of office of all of them have expired; that their successors have been duly elected, have qualified, and are acting officers of the county, and asking that the suit be abated as to them. No suggestion in opposition to the motion was filed. *Held*, that if the judgment should be reversed and the cause remanded the relator could not proceed against the respondents, nor could this court issue its peremptory writ commanding respondents to make such levy, because, being out of office, they have no power to act officially, and the case has become a mere moot one, and the appeal must be dismissed.

---

Headnote 1: Mandamus, 26 Cyc. 151, 162.   Headnote 2: Mandamus, 26 Cyc. 509.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird, Judge.*

DISMISSED.

*Silvers & Silvers* for appellant.

*DeArmond & Maxey* and *D. C. Chastain* for respondents.

RAILEY, C.—The purpose of this action was to compel defendants, as clerk and judges of the Bates County Court, by mandamus, to extend a special road-and-bridge tax levied by the township board of relator —said county being under township organization— against property within the limits of five special road districts which were organized under Article 13, Chapter 98, Revised Statutes 1919.

The levy above mentioned was for the taxes of 1921. The commissioners of the five special road districts had made road-and-bridge levies for their respective districts, and the respondents, while extending all other tax certified by the Township Board, declined to levy or extend the special road levy made by the township board against property in the special road districts. Upon the filing of respondents' return, the case was tried by the court on an agreed statement of facts. It was held by the court, in legal effect, that inasmuch as all control of the roads and bridges in a special road district is withdrawn from the township board, upon the organization of a special road district, the Legislature intended that the township board should have road-fund taxing power only co-extensive with its territorial limits for road purposes. The trial court dismissed the mandamus proceeding, and entered a regular judgment of dismissal in favor of respondents.

Upon relator's motion for a new trial being overruled, it appealed the cause to this court.

I. On April 14, 1924, counsel for respondents filed in this court, a verified motion, alleging therein that the terms of J. W. Hall, clerk of Bates County, Missouri, and of said R. F. Harper, G. T. Wolfe and F. A. Strickland, as judges of the county court of said county, have expired, and that none of these respondents hold said of-

fices, or either of them; that since January 1, 1923, C. W. Ray has been the duly elected, qualified and acting clerk of said county court; and since said date, T. D. Embree, Frank Fix and W. P. Black have been the duly elected, qualified and acting judges of the county court aforesaid. Respondents assert that they have no further interest in the subject-matter of this controversy, and would be powerless to comply with the order of the court should a peremptory writ of mandamus be issued against them. Having gone out of office, they ask that the action be abated as to them. A copy of the above motion was served on counsel for relator on April 12, 1924, and no suggestions have been filed in opposition to said motion. We will determine, in the succeeding proposition, what disposition should be made of said motion.

II.  Since the trial of this case in the court below, Division One decided the case of State ex rel. Monett Special Road District v. Barry County, 258 S. W. 710, and following; and this Division delivered an opinion in State ex rel. Erwin v. Holman, 256 S. W. 776, and following.  We express no opinion as to whether said cases, or either of them, have any bearing on the question as to whether Mount Pleasant Township had the legal right to maintain an action of this character under the circumstances presented in the record before us, but have simply referred to these cases in passing, so that the parties in interest might have their attention called thereto, should similar action be contemplated by said township against the present clerk and judges of the Bates County Court.

It is evident from the undisputed facts in this case, that, if it should be reversed and remanded, the relator could proceed no further against these respondents, whose respective terms of office had expired. It is equally certain that this court could not enter a judgment and issue a peremptory writ of mandamus, for the same reason above indicated.

In State ex rel. v. Stone, 269 Mo. l. c. 342, we said: "In order that a writ of mandamus may be available, it

is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of respondent to perform the act required.'' Numerous authorities are cited in support of this pronouncement.

In the well-considered mandamus case of State ex rel. v. Imel, 243 Mo. l. c. 189, LAMM, J., in speaking for the court, said:

''And where, as in this case, events have happened making it impossible for an appellate court to grant ef-- fectual relief on appeal, the appeal will be dismissed, although such facts do not appear on the record, but appear extrinsically. So, an absolute writ of mandamus will not go when it would be vain and nugatory or of no benefit to relator, the object of a writ being to prevent a failure of justice. [Mills v. Green, 159 U. S. 651; Lord v. Veazie, 8 How. 251; Bartemeyer v. Iowa, 85 U. S. 129; Security Mutual Life Ins. Co. v. Prewitt, 200 U. S. 446; Gormley v. Day, 114 Ill. 185; Aff v. Hopkins, 57 Ill. App. 529.] Missouri appellate courts have often applied the doctrine announced. [State ex rel. v. Rodman, 43 Mo. l. c. 260; Kalbfell v. Woods, 193 Mo. 689 et seq. and cases cited; Cape Girardeau Railroad v. Bridge Company, 215 Mo. l. c. 296 et seq. and cases cited; Wait v. Railroad, 204 Mo. l. c. 505 et seq.; State ex rel. v. Police Commrs., 80 Mo. App. l. c. 224 et seq.]

The same conclusion, as to the rule of procedure, was reached by the Supreme Court of the United States in Brownlow v. Schwartz, 261 U. S. 216, and Atherton Mills v. Johnston, 259 U. S. 13.

Both upon principle and authority, there is nothing but a moot question before this court, which precludes us from considering the merits of the controversy. We accordingly dismiss the appeal herein. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.