THE STATE ex rel. KANSAS CITY v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.—298 S. W. 833.

Court en Banc, September 27, 1927.

**1. CERTIORARI: Conflict in Opinion: Competitive Class: Removal and Restoration: Remedy.** The Kansas City Court of Appeals in holding that a general employee in the competitive service of Kansas City was entitled to be restored to the position from which he had been removed did not necessarily hold that there was a right to restoration under the Charter of 1908. It might well be that the holding was grounded on a common-law right. Even though the charter provides no remedy for a private wrong, it does not follow that the person wronged cannot be restored to that of which he was unlawfully deprived, but in such case the common-law method of redress is impliedly given; and for these reasons it cannot be held that the opinion of the Court of Appeals conflicts with Gregory v. Kansas City, 244 Mo. l. c. 547, in which it was held that the Charter of 1908 contains no provision "for the reinstatement of discharged employees."

2. **CERTIORARI: Conflict in Opinion: Competitive Class: Removal and Restoration: Unconstitutional Charter Provision.** If the Court of Appeals assumed to treat Section 125 of the 1925 Charter of Kansas City as unconstitutional it exceeded its own constitutional powers and contravened numerous decisions of this court.

3. ————: ————: ————: ————: **Treating Section 125 as Unconstitutional.** If the Court of Appeals, in holding that a general employee in the competitive class of Kansas City was entitled to be restored to the position from which he had been removed in 1922, treated Section 125 of the new charter adopted in January, 1925, as invalid and unconstitutional, it contravened the decisions of this court in State ex rel. Otto v. Kansas City, 310 Mo. 542, 573, and State ex rel. Stomp v. Kansas City, 313 Mo. 352, 356, in which it was held that the Charter of 1908 did not confer on an employee in the competitive class a vested right to an office or the salary pertaining thereto, and that Section 125, denying to a removed employee the right to restoration and to the salary, was constitutional and valid.

4. ————: ————: ————: ————: **Treating Section 125 as Conflicting with Statutes.** If the Court of Appeals, in holding that an employee in the competitive class of Kansas City was entitled to be restored to the position from which he was removed in 1922 and to be paid the back salary pertaining to such position, deemed Section 125 of the new charter adopted in 1925 as inoperative because of Sections 7061, 7063, 7065 and 8861, Revised Statutes 1919, relating to the effect of repealing statutes and superseding charters upon subsisting rights and pending actions, its decision is in conflict with the construction placed upon said Section 8861 (then Sec. 9710, R. S. 1909) by this court in Gregory v. Kansas City, 244 Mo. 523, 548, to the effect that said Section 8861 "does not purport to reserve to any officer or appointee of a city the right to the office held by him at the time such city amends its charter, or substitutes a new charter for an older one."

5. ————: ————: ————: **Abatement of Suit: Restoration and Accrued Salary.** The action of an employee in the competitive service of Kansas City, who in January, 1924, obtained judgment in the circuit court restoring him to the position from which he had been removed in 1922 and adjudging him entitled to the salary pertaining to the position during the time he was unlawfully deprived thereof, was not wholly abated by Section 125 of the new charter adopted in 1925; it did abate as to his right to be restored to the lost position, and the Court of Appeals, on the city's appeal from the judgment, should have so held; but the Court of Appeals, in holding that so much of the action and of the judgment as pertained to his right to the accrued salary was not abated by Section 125, did not contravene State ex rel. v. Imel, 243 Mo. l. c. 189, or any other prior decision of this court, but its decision in that respect conformed to the decision of this court in State ex rel. v. Walbridge, 153 Mo. 194, 204.

6. ————: ————: ————: **Right of De Jure Officer to Accrued Salary.** The Court of Appeals did not in this case rule that a de jure employee in the competitive class, who has been wrongfully removed, may recover from the city the salary pertaining to the position, although the city has appointed a de facto officer who has performed the services and been paid such salary; and its decision cannot therefore be quashed on the assumption that it made such a ruling.

---

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 511, p. 1079, n. 42; Section 516, p. 1090, n. 47; Section 518, p. 1092, n. 63. **Evidence,** 23 C. J., Section 1882, p. 92, n. 53. **Mandamus,** 38 C. J., Section 295, p. 710, n. 75.

*Certiorari.*

RECORD QUASHED.

*John T. Barker, E. F. Halstead, Marcy K. Brown, Jr.* and *Wm. II. Allen* for relator.

(1) The Court of Appeals in its opinion necessarily held that there was a right of restoration under the Charter of 1908. This holding was in hopeless conflict with the case of Gregory v. Kansas City, 244 Mo. l. c. 547. Sec. 31, Art. XV, Charter of 1908. (2) The Court of Appeals in its opinion necessarily held that the remedies provided in the Charter of 1908 were not exclusive. This holding is in hopeless conflict with the case cited above. Such charter provides a plain, speedy and adequate remedy for one removed from office and such remedy is exclusive. Such discharged person has no right to restoration to office or the recovery of any salary after discharge. His remedy is removal or prosecution of such discharging official, if the power of removal were abused. Gregory v. Kansas City, 244 Mo. 523; Secs. 10, 31, Art. XV, Charter of 1908; Osagera v. Schaff, 293 Mo. 344; Chandler v. Railroad, 261 Mo. 600; Carlisle v. Ry. Co., 168 Mo. 656; Markowitz v. City, 125 Mo. 485; City v. Dasher, 120 Mo. 680; Co. v. Co., 149 Mo. 253; State ex rel. v. Hughes, 240 S. W. 805; Chicago v. O'Connell, 278 Ill. 591, 8 A. L. R. 929; Co. v. City, 62 Colo. 229, 4 A. L. R. 956; Yates v. National Bank, 206 U. S. 158; National Bank v. Dearing, 91 U. S. 29; Coal Co. v. George, 233 U. S. 359; 1 C. J. 989; 36 Cyc. 1175; Globe Newspaper Company v. Walker, 210 U. S. 365. (3) The Court of Appeals necessarily held that the provisions of Section 125 of the charter adopted February 24, 1925, were not effective, in this, that by its holding the court required the restoration of relator to his former position after the adoption and effective date of Section 125 of said charter; which holding is in conflict with the prior rulings of the Supreme Court. State ex rel. Otto v. Kansas City, 276 S. W. 389; State ex rel. Stomp v. Kansas City, 281 S. W. 426; State ex rel. Attorney-General v. Davis, 44 Mo. 130; State ex rel. Boeving v. Cox, 226 S. W. 869. (4) The Court of Appeals necessarily held that the writs of mandamus issued herein did not abate upon the adoption of the new charter by Kansas City on February 24, 1925, which holding is in conflict with prior rulings of the Supreme Court. State ex rel. v. Imel, 243 Mo. 189; State ex rel. v. Gibson, 187 Mo. 536, 554; State ex rel. Mt. Pleasant Township v. Hall, 262 S. W. 720; State ex rel. v. Stone, 259 Mo. 342. (5) The Court of Appeals held that a *de jure* officer wrongfully removed may recover from the city, although the city has appointed a *de facto*

officer who has performed the services and been paid. This is in direct conflict with many rulings of this court. Hunter v. Chandler, 45 Mo. 457; State ex rel. v. Clark, 52 Mo. 512; State ex rel. Abington v. Reynolds, 280 Mo. 446. (6) The Court of Appeals necessarily held that the right to hold office is a vested right, which holding was in conflict with prior rulings of the Supreme Court. 23 Am. & Eng. Ency. of Law, 328; Primm v. Carondelet, 23 Mo. 22; State ex rel. v. Davis, 44 Mo. 129; State ex inf. v. Evans, 166 Mo. 347; Sanders v. Kansas City, 175 Mo. 367; Taylor v. Beckham, 178 U. S. 577; 29 Cyc. 1367. (7) The scope of *certiorari* has been sufficiently widened by the recent decisions of this court to justify consideration of all the foregoing points argued. State ex rel. Otto v. Kansas City, 276 S. W. 389; State ex rel. Stomp v. Kansas City, 281 S. W. 426; State ex rel. Lunsford v. Landon, 265 S. W. 529; State ex rel. Schaffer v. Allen, 253 S. W. 771; State ex rel. Vulgamott v. Trimble, 253 S. W. 1016; State ex rel. Ins. Co. v. Trimble, 249 S. W. 903; State ex rel. Boeving v. Cox, 276 S. W. 870.

*John I. Williamson* and *Darius A. Brown* for respondents.

(1) The Court of Appeals opinion is not in conflict with Gregory v. Kansas City. Gregory v. Kansas City, 244 Mo. 523; State ex rel. v. Coon, 316 Mo. 524. (2) This court has never held that one wrongfully removed under the 1908 Charter was confined to the penal provisions of that charter as his exclusive remedy. State ex rel. v. Coon, 316 Mo. 524. (3) Section 125 of the new charter was not before the Court of Appeals for any purpose. The city is estopped to claim that the Court of Appeals should have considered it. This court never has held Section 125 to be applicable to actions pending when that section was adopted. State ex rel. Otto v. Kansas City, 276 S. W. 389; State ex rel. Stomp v. Kansas City, 281 S. W. 426. (4) The mandamus proceedings did not abate upon the adoption of Section 125. Charter of 1925, Secs. 7061, 7063, 7065, 8861, R. S. 1919. (5) The Court of Appeals did not hold that a *de jure* officer wrongfully removed may recover from the city although the city has appointed a *de facto* officer who has performed the services and been paid. State ex rel. v. Walbridge, 153 Mo. 203; Shaw v. Prima County, 2 Ariz. 399; Commrs. v. Rohde, 41 Colo. 258; Coughlin v. McElroy, 74 Conn. 397; Commrs. v. Anderson, 20 Kan. 298; Bradley v. City of Georgetown, 118 Ky. 735; Walters v. City of Paducah, 123 S. W. 287; Wayne Co. v. Benoit, 20 Mich. 176. (6) The Court of Appeals did not hold that the right to an office is a vested right, and it would have made no difference if it had done so. Gregory v. Kansas City, 244 Mo. 523, 545; State ex rel. Denison v. St. Louis, 90 Mo. 22; State ex rel. Reid v. Walbridge, 119 Mo. 394; State ex

rel. Chapman v. Walbridge, 153 Mo. 203; State ex rel. Mosconi v. Maroney, 191 Mo. 531; Gracey v. St. Louis, 213 Mo. 384; State ex rel. Hamilton v. Kansas City, 259 S. W. 1045; State ex rel. Prior v. Kansas City, 261 S. W. 112; State ex rel. Langford v. Kansas City, 261 S. W. 117; State ex rel. Stomp v. Kansas City, 281 S. W. 426. (7) The opinion of the Court of Appeals does not conflict with any constitutional provision. (8) The city and these five claimants stand before the law and before this court upon a footing of exact equality. Neither is entitled to special favors. (9) Relators in effect claim that recent decisions of this court have substantially converted a writ of *certiorari* into a writ of error. State ex rel. Otto v. Kansas City, 276 S. W. 389.

ATWOOD, J.—The case of State ex rel. P. W. Lindsay, Respondent, v. Kansas City, Missouri, a Municipal Corporation et al., Appellants, is here in response to our writ of *certiorari* issued in the above entitled cause. It is a proceeding in mandamus commenced in the Circuit Court of Jackson County, Missouri, whereby Lindsay, a general clerk in the competitive class of the civil service, seeks restoration to his position in the City Treasurer's Office of Kansas City, Missouri, from which he claims to have been illegally discharged on August 31, 1922, reinstatement upon the pay roll of said office and the performance of the requisite steps for payment of the compensation claimed for the period he was excluded by reason of such illegal discharge. On July 25, 1924, the circuit court rendered judgment in favor of relator and "ordered the issuance of a peremptory writ restoring relator to the position of general clerk upon the pay roll of defendant city, and found the amount of relator's compensation due thereunder to be $3071.25," which judgment was affirmed by respondents herein on April 5, 1926.

Relator contends that the opinion of respondents in said cause "necessarily held that there was a right of restoration under the Charter of 1908," and is, therefore, in conflict with that part of the opinion in Gregory v. Kansas City, 244 Mo. 1. c. 547, which holds that the Charter of 1908 contains no provision "for a reinstatement of discharged employees." We do not think respondents' opinion necessarily held that there was a right of restoration *under the Charter of 1908*. It might well be that the holding is grounded in a common-law right. Even though the charter provides no remedy for a private wrong it does not follow that the person wronged cannot be restored to that of which he was unlawfully deprived. In such case the common-law method of redress is impliedly given (Endlich on Interpretation of Statutes, secs. 463, 464), and that method is mandamus. [State ex rel. v. Miles, 210 Mo. 127, 172; State ex rel. v. Walbridge, 153 Mo. 194; Spellman on Injunctions (2 Ed.) sec. 1576; 26 Cyc. 260.] This

opinion is not in conflict with the above cited portion of the Gregory opinion.

It also follows from what we have just said that the remedies provided in the Charter of 1908 were not exclusive, and the opinion of the Court of Appeals in so holding does not conflict with the opinion in the Gregory case.

Relator next insists that the opinion of the Court of Appeals necessarily held that the provisions of Section 125 of the Charter of Kansas City, Missouri, adopted February 24, 1925, were not effective, and that such holding conflicts with prior controlling decisions of the Supreme Court. The portion of the opinion at which this objection is leveled is as follows (italics ours): "It is also urged that if relator is not entitled to all the relief directed in the alternative writ, i. e., reinstatement in the position of general clerk and restoration to the pay roll, he is entitled to no relief in this action; that the peremptory writ must follow the alternative writ. *We hold that relator is entitled to both.*"

Section 125 of the present charter of Kansas City, adopted February 24, 1925, is as follows:

"No person claiming to have been unlawfully removed or discharged from any office or position in the competitive class of the civil service prior to the first day of January, 1925, as the same existed under the provisions of the charter of Kansas City, adopted August 4th, 1908, shall, in any event, be entitled to restoration to said office or position after February 24th, 1925, nor as such officer or employee, be entitled to any salary or compensation accruing after February 24th, 1925.

"The fact that any person may have ceased the actual performance of the services or the discharge of the duties of any position by reason of any unlawful or invalid order of or attempt at removal or discharge shall constitute no exception to the provisions of this section. The provisions of this section shall take effect upon the adoption of this charter."

Bearing in mind that the opinion of the Court of Appeals was rendered on April 5, 1926, more than a year after the effective date of above charter Section 125, it is apparent that the opinion treats this section as not effective. Section 488 of the charter declares that the charter shall be "a public act and all courts shall take judicial notice thereof." Whether called to their attention or not respondents were bound to take judicial notice of the existence and effective date of the above charter provision, Section 125. It is nowhere mentioned in the opinion, and we can think of but two theories on which respondents might have treated it as not effective, namely, that it was invalid or that it did not apply because of Sections 7061, 7063, 7065 and 8861, Revised Statutes 1919. If respondents assumed

to treat it as unconstitutional they exceeded their own constitutional powers and in this respect their decision would contravene numerous controlling decisions of the Supreme Court. The meaning of Section 125 is so clear that he who runs may read, and as to its constitutionality, validity and effect, we said in State ex rel. Otto, Atty.-Gen., v. Kansas City et al., 310 Mo. 542, l. c. 573-4:

"In objection numbered 15 relator vigorously contends that Section 125 of the new charter, which provides against restoration to office of or payment of salary or compensation to any person, after February 24, 1925, claiming to have been unlawfully removed or discharged from any office or position in the competitive class of the civil service prior to the first day of January, 1925, also violates the above constitutional provisions. The fallacy of relator's claim is uncovered by the fact that the status of the persons contemplated by Section 125 was necessarily fixed under the civil service law of the old charter, which was simply the direct legislation of the people of Kansas City. The adoption of the new charter is direct legislation by the people of Kansas City of the same kind and of equal dignity but subsequent and therefore paramount and controlling. The rights of such persons are subject to the will of the same power that created them. This would not be so if such persons had a vested right in the civil service law of 1908 under which they came by their jobs, but they have no such vested right. On this subject the law is plainly written. 6 Ruling Case Law, section 296, page 309, reads: 'There can, in the nature of things, be no vested right in an existing law which precludes its change or repeal.' [See also, State ex rel. Attorney-General v. Davis, 44 Mo. l. c. 130.]

"In adopting the new charter the people of Kansas City were legislating for themselves, and under the authorities cited their action is not in conflict with the Constitution and laws of this State. Relator seeks to preserve and continue in force an alleged right after the law which is supposed to authorize the same is repealed and superseded by a new law which in no uncertain language terminates such right, if it ever existed. As above shown, there is no destruction of a vested right. Nor is there any impairment of an existing obligation or denial of the right to contract, and the case of State v. Loomis, 115 Mo. 307, and like authorities cited, have no application to this case."

Respondents say that the majority opinion in the above case received the full concurrence of only three judges, and, therefore, it is not a controlling decision of this court. However, in a subsequent opinion of the Supreme Court en Banc, State ex rel. Stomp v. Kansas City, rendered March 15, 1926, officially reported in 313 Mo. 352, l. c. 356, and fully concurred in by four members, the court said, italics ours: "This case was argued and submitted along with

the case of State ex rel. Attorney-General v. Kansas City et al.,
reported in 310 Mo. 542 (276 S. W. 389), and *by agreement and
request of counsel all matters of attack, upon the new charter of
Kansas City in both cases, including constitutional questions therein
raised, were considered and disposed of in this reported decision,
and we there held this new charter valid."*

It thus appears that · if respondents treated Section 125 of the
charter as invalid their decision is in conflict with our previous con-
trolling decision in State ex rel. Stomp v. Kansas City, and State
ex rel. Otto, Atty.-Gen., v. Kansas City et al.  On the other hand, if
respondents deemed Section 125 of the charter inoperative because
of Sections 7061, 7063, 7065 and 8861, Revised Statutes 1919, relat-
ing to effect of repealing statutes and superseding charters upon
subsisting rights and pending actions, their decision is in conflict
with the construction we placed on Section 9710, Revised Statutes
1909 (now Section 8861, R. S. 1919), in Gregory v. Kansas City,
244 Mo. 523, l. c. 548, that such section ''does not purport to reserve
to any officer or appointee of a city the right to the office held by him
at the time such city amends its charter, or substitutes a new charter
for an older one.''  Respondents' opinion held that Lindsay was en-
titled to restoration to office and reinstatement on the city's pay
roll long after the new charter, which we have held to be a valid en-
actment, by Section 125 thereof legislated him out of office and thereby
cut off his alleged continuing right to be restored to office.  On any
theory that might support this holding respondents' opinion is in
conflict with controlling decisions of this court.  [State ex rel. Boev-
ing v. Cox, 276 S. W. 869.]

Relator also says that the Court of Appeals necessarily held that
the writ of mandamus issued in the circuit court did not abate upon
the adoption of the new charter on February 24, 1925, and that this
holding is in conflict with prior rulings of the Supreme Court.  It
seems clear, as we have above indicated, that Section 125 of the new
charter cut off Lindsay's continuing right, if any he had, to be re-
stored to office and reinstated on the city's pay roll, and after this
section went into effect on February 24, 1925, this much of the relief
asked for and previously allowed by the circuit court could not be
given effect and respondents should not have found and decreed that
it should be done, but it by no means follows that Lindsay's suit
abated on February 24, 1925, or that respondents were without power
to approve, allow and confirm any other relief justified by the plead-
ings and evidence, and not cut off by Section 125.  In State ex rel.
v. Walbridge, 153 Mo. 194, l. c. 204, a proceeding in mandamus to
compel the restoration of an unlawfully removed officer and the pay-
ment of the accrued salary of the office, the relator's term of office
expired during the pendency of the suit, but the fact that relator

was no longer entitled to be reinstated in office was not thought to divest the court of jurisdiction to compel, *in that proceeding,* the payment of the salary that was due him. Respondents' opinion does not conflict with State ex rel. v. Imel, 243 Mo. l. c. 189, and other cases cited by relator in support of this alleged conflict.

Relator asserts that respondents held that a *de jure* officer wrongfully removed may recover from the city, although the city has appointed a *de facto* officer who has performed the services and been paid, and that this holding is in conflict with many rulings of this court. We fail to discover any such holding in the opinion. It does appear that Lindsay testified that he "understood but did not know that his place had been filled by one Sharpie," and similar vague testimony is quoted from the record, but the opinion does not indicate any such finding of fact, or that any such defense was interposed. There is no conflict with the cases cited under this head.

Relator suggests several other grounds of conflict which we have carefully examined and found to be without merit. Some of them are fully answered in what we have already said, and a discussion of the others would be of no assistance to respondents in their final disposition of this case, hence they are ruled against relator without further comment.

On account of the conflicts above noted respondents' opinion and record in the case brought here for review are quashed. All concur, except *Walker, C. J.,* and *Graves, J.,* who concur only in the result.