STATE EX REL. PARIS W. LINDSAY, RESPONDENT, v. KANSAS CITY, MISSOURI ET AL., APPELLANTS.*—20 S. W. (2d) 1.

Kansas City Court of Appeals. February 13, 1928.

*John T. Barker, Marcy K. Brown, Jr.,* and *Wm. H. Allen* for appellant.

*John I. Williamson* and *Darius A. Brown* for respondent.

BLAND, J.—This is a proceeding in mandamus whereby relator seeks restoration to his position as general clerk in the City Treasurer's office under the civil service provisions of the charter of the respondent, Kansas City, Missouri. Relator claims to have been illegally discharged on August 31, 1922, and seeks reinstatement upon the payroll of said office and the performance of the requisite steps for payment of the compensation claimed for the period he was excluded by reason of such illegal discharge. The court issued a peremptory writ restoring relator to his position and found the amount of compensation due relator to be $3071.25. Respondents appealed to this court and this court affirmed the judgment on April 5, 1925. Thereafter respondents applied to the Supreme Court for a writ of *certiorari,* which was issued, and that court adjudged that the "opinion (of the Court of Appeals) and record in the case brought here for review are quashed." [State ex rel. v. Trimble, 298 S. W. 833, 835.] In the opinion rendered by the Supreme Court that court found that we failed to follow the latest decisions of the Supreme Court in the determination of the case before us. And, in this connection, that court held in that case that relator was not entitled to recover salary accruing after February 24, 1925, the date of the adoption of the new city charter of Kansas City, and that by reason of certain provisions of said charter he was not entitled to be reinstated in his office. When the case again reached this court it was set down for re-argument and was again submitted to this court for consideration.

It is claimed by the respondents that we are without jurisdiction to do anything in this cause other than to reverse the judgment and remand the cause to the circuit court, stating, "as the case stands now there is nothing in this court upon which this court can act." In support of this contention, respondents refer to the language of the Supreme Court that we have quoted supra, and point out that

that court "not only quashed the opinion of this court but also quashed the record." It is claimed by respondents that the record of this court referred to "not only included the certified copy of the record entry of judgment and order allowing appeal, or in other words, the short form transcript permitted by statute, but also included every court record of any filing, also the abstract including the bill of exceptions made a part of that abstract by lower court order, and also the judgment and opinion of this court after a hearing upon such record as made in the Court of Appeals." It seems that if the Supreme Court quashed these records in this court, we have no jurisdiction left of any kind and cannot even reverse and remand the cause as there would be no record whatever before us upon which we could act.

Respondents refer us to a number of *certiorari* cases, without citing us to where they may be found, which they state were decided by the Supreme Court. In some of these cases it seems that the Supreme Court ordered that merely the opinion of the Court of Appeals be quashed; in others, that the record of the Court of Appeals be quashed, in others, that the judgment of that court be quashed, and in others that the record and opinion be quashed. It is pointed out that in the case of State ex rel. v. Ellison, 256 Mo. 644, 667, it was ordered that the judgment based upon the opinion of the Court of Appeals "be quashed and for naught held and that said cause . . . be remanded to that court (Court of Appeals) to be retried by it and determined in conformity with the views announced herein." In referring to the language (varying in some respects) used by the Supreme Court in these cases, respondents argue that if the Supreme Court ruled in the case at bar that we had the right, as contended by relator, to proceed with the cause and dispose of it in a manner not inconsistent with the opinion of the Supreme Court in the *certiorari* case, the court would have so stated instead of quashing the opinion and the record of this court.

In order to intelligently pass upon the point now made by respondents, it is necessary to ascertain what was before the Supreme Court when it delivered its opinion and entered its judgment in the *certiorari* case and what that court had authority to do in the premises. In State ex rel. Wiethaupt, 254 Mo. 319, 329, the Supreme Court stated that—

". . . The office of *certiorari* is to 'bring the record of the proceedings of an inferior court or tribunal before a superior court to determine whether it had acted legally' . . . and 'the leading object of the writ is to keep inferior judicatories within the bound of their jurisdiction.' "

*Certiorari* does not take the place of an appeal and the Supreme Court in such a proceeding does not consider evidence relating to the merits of the case and does not pass upon the question as to

whether the Court of Appeals erred in its judgment. [State ex rel. v. Broaddus, 245 Mo. 123, 136.]

There is no question but that the Constitution of this State vests exclusive appellate jurisdiction in this court of the cause now before us. (Section 12, Article 6, of the Constitution of Missouri, and Section 5 of the Amendment of 1884 of the Constitution.) Our jurisdiction is only limited by Section 6 of the Amendment of 1884, which requires that in a disposition of the cause before us "the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in said courts of appeals." (Of course, we have no jurisdiction in an appeal case to pass upon a constitutional question, see, State ex rel. v. Trimble, supra, 1. c. 834.) The Supreme Court in later years has held that under the provisions of Section 8 of the Amendment of 1884, and Section 3 of Article 6 of the original Constitution, it has the power, by the use of the writ of *certiorari*, to require the courts of appeals to comply with Section 6 of the Amendment of 1884 on the theory that if a Court of Appeals does not follow the last previous rulings of the Supreme Court in a given case, it has exceeded its jurisdiction. In this connection the Supreme Court in the case of State ex rel. v. Broaddus, supra, 1. c. 135, stated—

"Of the jurisdiction of the Supreme Court (and herein of the office of the writ of *certiorari*).

"(a) At this late day the right and duty of this court, as the repository of final, superintending and supervising judicial power over other courts, to bring up their records by *certiorari* and set aside and quash orders and judgments either outside or in excess of their jurisdiction, ought not in reason to be questioned. It is a power well and plainly lodged in the Constitution. . . . It is a necessary and useful power, to the end that there may be uniformity in the general law—i. e., one rule of law in all courts of the State and that all should harmoniously move in a prescribed and known orbit as near as may be. [State ex rel. Curtis v. Broaddus, 238 Mo. 189.]

. . .

"(b) Where an appeal or writ of error does not lie, as here, *certiorari* does not go as of right, but it goes in such cases in order that profert of the challenged record be made to be searched for jurisdictional defects—that is, orders, judgments and parts of judgments without (or in excess of) the jurisdiction of the subordinate court making or rendering them."

It is well settled that in cases where, by provisions of the Constitution, appeals are taken to the ·courts of appeals, that those courts have exclusive jurisdiction to determine the merits of the appeal as long as they proceed within their jurisdiction, that is, as long as they follow the last previous rulings of the Supreme Court and do

not attempt to pass upon a constitutional question. As was stated by the Supreme Court in State ex rel. v. Ellison, 269 Mo. 151, 156—

"We have no original appellate jurisdiction of this cause and our review is limited to the question of whether the Court of Appeals in holding as it did went contrary to the last previous rulings of this court. While this court has recently done considerable writing and its members expressed divergent views as to what constitutes our record in cases of this class, we all yield assent to the one proposition that the courts of appeals are courts of last resort, and when acting within their jurisdiction and not in violation of our decisions, can decide cases as their judgment dictates, and in so doing can, without interference on our part, commit error and decide incorrectly, just as we can."

On the question that courts of appeals are courts of last resort in the class of cases such as the one now before us, see, also, State ex rel. v. Broaddus, 238 Mo. 189, 211. As to the right of the Supreme Court in certiorari cases to direct the courts of appeals as to the manner in which they shall proceed, that court in State ex rel. v. Ellison, 272 Mo. 571, 581, stated—

"We deal only with that record, and not with the case proper on its merits or demerits. . . . We have quashed a part of the opinion and sustained the remainder of the opinion and the judgment, because the reason assigned in the unquashed portion of the opinion made the judgment right, but this is as far as we have ever gone. . . . If we quash the record of the Court of Appeals we have no right to tell that court what to do when it undertakes to make a new record in the case. It will be presumed that upon questions ruled, such court will follow our rulings."

It is apparent from these authorities that the Supreme Court has no authority or jurisdiction in certiorari cases or in any other case to direct the manner of the disposition of cases of the courts of appeals. After the Supreme Court has rendered a final judgment against us in such a case, we still have the same jurisdiction that we had originally, that is, to proceed to the disposition of the merits of the case on appeal in accordance with the last previous rulings of the Supreme Court, but, of course, when the Supreme Court has ruled unfavorably to us on the ground that we have not followed the last previous rulings of that court, it is our duty to examine the opinion of that court in the certiorari case and to follow it as that court naturally has the authority and jurisdiction, as the final arbiter of the question, to pass upon the point as to what was its last previous ruling upon the subject in controversy. While in certiorari cases the Supreme Court, in directing judgment unfavorable to the Court of Appeals, has not always used identical language, in the light of what the Supreme Court is authorized to do in such cases, the language used in the disposition of the cases is not so important, but

the purpose sought to be accomplished is the same regardless of the variation in the wording of the judgments of that court. Where that court finds that the Court of Appeals has exceeded its jurisdiction by not following the last previous rulings of the Supreme Court and quashes our opinion and the record made in accordance with the directions of that opinion, then we have jurisdiction and it is our duty to proceed to dispose of the case upon its merits in accordance with the last previous rulings of the Supreme Court as interpreted by that court in its opinion in the *certiorari* case.

It would be an unheard of thing to find that, after the law has allowed an appeal from a *nisi prius* court, there is provided no appellate tribunal to hear the appeal upon its merits. If the Supreme Court had intended in the *certiorari* proceeding against us in this case, to deprive us of jurisdiction to pass upon the merits of this case, as is contended by respondents, then it necessarily follows that it ruled that it had *appellate* jurisdiction in the cause for the reason that such jurisdiction must be somewhere. Respondents' contention leads inevitably to the conclusion that the Supreme Court in issuing the writ of *certiorari* in question, transferred all appellate jurisdiction of the cause to that court, yet if this is so, why did not that court send its mandate directly to the circuit court? What object was to be accomplished in sending the case back here? The Supreme Court has repeatedly held that it is not acting as a court of appeal in disposing of these *certiorari* cases. [See cases cited supra, and Vail v. Dinning, 44 Mo. 210.] As indicating that the Supreme Court expected this court to proceed to dispose of this case upon its merits, it was said in the case of State ex rel. v. Trimble, supra, l. c. 835, that the court would not discuss other points in the case because such "would be of no assistance to respondents in *their final disposition of this case.*" (Italics ours.)

It seems to us that respondents' contention is so wholly without merit as to require no citation of authority or argument to answer it, but as it has been urged with such apparent sincerity, we have gone into the question at some length.

Having arrived at the above conclusion, we will reverse the judgment and remand the case with directions to the trial court to render judgment in favor of relator for his salary from the date of his discharge to February 24, 1925. It is unnecessary to again write an opinion upon the merits of the case as our former opinion can become the opinion of the court upon the final disposition of the case upon its merits insofar as that opinion is not inconsistent with the decision of the Supreme Court in the *certiorari* case. However, as it appears that the personnel of the officers of the city against whom this writ of mandamus was issued, has changed, the trial court is directed to substitute as parties respondent the present officers of the respondent, Kansas City, who have succeeded the officials who

were in office when this suit was instituted, and the court is directed to award a peremptory writ of mandamus against the new respondents commanding the respondent, Director of Finance of Kansas City, to draw and sign a warrant on the respondent, Treasurer of respondent, Kansas City, in favor of relator for the sum of money found to be due relator and to deliver such warrant to him and commanding the Treasurer of said respondent city to pay the amount to relator when said warrant is presented by him for payment. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.