THE STATE EX REL. HENRY GOLDMAN, Appellant, v. KANSAS CITY ET AL.—8 S. W. (2d) 620.

Division One, May 18, 1928.

*V. E. Phillips, David M. Proctor, Darius A. Brown* and *John I. Williamson* for appellant.

1080

*John T. Barker, E. F. Halstead, Marcy K. Brown, Jr.,* and *William H. Allen* for respondents.

GRAVES, P. J.—Relator herein sued in mandamus to compel his restoration to the petition of Censor of Films & Pictures, a place created by city ordinance prior to November 16, 1918, at which date, relator was, under the then civil service ordinance of said city, duly appointed to the position or place. The petition was broad enough to cover a mandamus for the compensation provided by the several ordinances.

Briefs in this case have become numerous as the time passed. Whether they are consistent throughout, we need not say. In the original brief filed herein the learned counsel for relator say:

"This is a proceeding in mandamus under Article XV of the Charter of 1908, to *physically restore* appellant in the position of censor of films and pictures, a position in the competitive class of the city's service in Kansas City, Mo., *and to compel the payment of the salary of the position* during the period of unlawful suspension. There is little, if any, dispute in regard to the essential facts."

After certain details, as to relator passing the civil service examination, and later being appointed, and as to the three several ordinances fixing the compensation during the period covered by his service, learned counsel then say:

"The civil service record card of appellant is Exhibit 1, and found at page 36 of the record and shows that the examination and certification were regular in every respect; that appellant was placed on the eligible list November 15, 1918, was certified November 18, 1918, appointed November 18, 1918; that the salary was raised, as indicated, on July 16, 1920, and that *he was discharged April 26, 1922.*"

Note that counsel say he was *discharged.* He was in fact appointed during Mayor Cowgill's administration, and discharged under Mayor Cromwell's administration.

The instant suit was filed on January 19, 1924. Some evidence is relied upon to explain this delay, and this can be outlined, if it becomes pertinent. Admissions in the pleadings may obviate much. Shortly thereafter the official roster of Kansas City changed by reason of the intervening election, and the new officials were substituted as parties respondents. These new respondents, successors to Mayor Cromwell, and his official family, made a lengthy return (some twelve printed pages) to the alternative writ of mandamus, and to this the relator replied at some length. With the views we have of the case full details of these pleadings are not necessary, and we can note later such parts as we find necessary. Trial was had in the Circuit Court of Jackson County, shortly after the conclusion of which the learned trial court, by his judgment and decree, thus disposed of the case:

"This cause having been heretofore heard and by the court taken under advisement, and now the court being fully advised in the premises denies the peremptory writ and quashes the alternative writ.

"Wherefore it is ordered and adjudged by the court that relator's peremptory writ be and the same is hereby denied, to which ruling of the court relator excepts.

"It is further ordered and adjudged by the court that relator's alternative writ be and the same is hereby quashed, to which ruling of the court relator excepts, and

"It is further ordered and adjudged by the court that relator pay the costs herein and execution issue therefor."

Appeal was duly taken by the relator, and the cause has been heard and submitted here. The pertinent evidentiary facts, as well as pertinent portions of the pleadings can be noticed in the course of the opinion.

The respondents in their brief say the judgment *nisi* ought to be affirmed, for some five reasons, thus stated:

"1. It is admitted that when Goldman, the *de jure* employee, was removed, another was appointed in his place and was paid for

the services rendered. Under such admission Goldman can recover nothing in this suit as Kansas City cannot be compelled to pay twice for the same services.

"2. Appellant was discharged April 26, 1922; although knowing that another was appointed in his place and paid for his services, he did not file suit against Kansas City until the 23rd day of January, 1924. Having stood by and seen Kansas City pay another, he acquiesced in his discharge, abandoned his position, and is guilty of such laches as will destroy any recovery.

"3. Mandamus is not the proper remedy to restore a discharged employee to office where a judicial or quasi-judicial body has discharged such employee and made a written showing of the reason therefor. Certiorari is the only remedy available to quash and set aside such judicial act.

"4. The Kansas City Charter of 1908 provides a plain, speedy and adequate remedy for one removed from office and such remedy is exclusive. Such discharged person has no right to restoration to office or the recovery of any salary after his discharge. His remedy is the removal or prosecution of such discharging official, if the power of removal was abused.

"5. Civil service laws regarding the appointment of city employees are not for the benefit of such employees but are for the public good; an office is not the property of the officeholder, but is a public trust or agency."

The relator's contention is that he was discharged in violation of the civil service ordinance of Kansas City, i. e. that he was discharged without notice, or a hearing. But other things are important in these pleadings, because they rise to the status of admissions of record.

The very petition filed by relator says:

"That the said Frank H. Cromwell, mayor as aforesaid, shortly thereafter assumed to appoint a successor to said position and unlawfully placed such pretended successor in charge of said position and ever since excluded petitioner therefrom and has refused to allow him to perform the duties thereof, and that each of the other defendants have refused to recognize your petitioner as Censor of Films and Pictures and to take the necessary steps for the payment of your petitioner's salary."

So on the question of there being a *de facto* officer no evidence is required. This record admission so says. As said the return is quite lengthy, as is also the reply thereto, but the return does aver that the city of Kansas City had procured another to perform the duties of the office and had paid said person the salary and wages incident thereto. The reply denies things pleaded in the return very specifically, but there is no denial of this particular allegation, i. e., that

another had performed the duties of the office, and had been paid therefor by the city. The whole case was tried upon that theory, and relator's position was that he, the alleged *de jure* officer, was entitled to the salary, notwithstanding the fact that there was *at least* a *de facto* officer to whom the city had paid the salary, now sought by this mandamus proceeding. Record and briefs for relator bespeak this theory *nisi*.

This statement suffices for the questions that we desire to discuss and pass upon in this particular case.

In view of the opinion of Court en Banc in State ex rel. Gallagher v. Kansas City et al., 319 Mo. 705, decided on April 4th of this year, this case requires but a short opinion.

In Gallagher's case, supra, we ruled as follows, viz.: (1) that the action of a head of a city department (whether such head is an individual or a board), which has the right to appoint and discharge an officer or an employee under the civil service provisions of the Charter of 1908, and ordinances thereunder passed, is engaged in the discharge of a governmental function of the municipal corporation, and such corporation is in no way liable for the wrongful conduct of such head of a department; (2) that such action in discharging an officer or employee is judicial or quasi-judicial in character, and the judgment of discharge could not be attacked collaterally, unless it appeared upon the face of the judgment of discharge itself that it was absolutely void; (3) that the payment of the salary or emoluments of the office, or position, to an officer, or employee *de facto,* performing the duties of the position under a claim of title, and under a color of title to such office or position, discharges the city from any liability to the *de jure* officer for the period of time during which the *de facto* officer discharged the duties, and received from the city the pay, and (4) that where there is a *de facto* officer in the office and discharging the duties thereof, under a claim of title, and under color of title, then mandamus is not the remedy for the alleged *de jure* officer.

The case before us now, under the facts, which we have stated in great detail, supra, falls within all the rulings in Gallagher's case. There are other questions in the instant case, which are pressed, such as laches and estoppel, but what we said in Gallagher's case, supra, fully determines this case, without going into other questions.

It follows that the judgment of the circuit court herein should be affirmed. It is so ordered. All concur.