THE STATE EX REL. KANSAS CITY v. FRANCIS H. TRIMBLE ET AL.,
Judges of Kansas City Court of Appeals, No. 29012.—20 S. W.
(2d) 17.

Court en Banc, March 27, 1929.

*John T. Barker, Marcy K. Brown, Jr.,* and *William H. Allen* for relator.

*John I. Williamson, Darius A. Brown* and *Prescott Brown* for respondents.

GANTT, J.—Certiorari to quash the opinion of the Kansas City Court of Appeals in State ex rel. Lindsay v. Kansas City et al., No. 15567.

The facts are as follows: Lindsay claims to have been illegally discharged from an official position in the treasurer's office of Kansas City, Missouri. He instituted a proceeding in mandamus in the circuit court to compel restoration to the position and for salary during ouster. The circuit court rendered judgment restoring him to the position and for said salary. Defendants appealed to the Kansas City Court of Appeals, where the judgment was affirmed. In response to our writ, a transcript of the record in said case was certified to this court. We reviewed and quashed the opinion. In doing so, we said: "On account of the conflicts above noted, respondents' opinion and record in the case *brought here for review* are quashed." [State ex rel. Kansas City v. Trimble, 317 Mo. 1208, 298 S. W. 833.]

I. Relator claims that by the statement above quoted we quashed the whole of the record from the filing of the petition in the circuit court to and including the opinion of the Court of Appeals. The words used do not justify the contention. The only record subject to review by this court was the opinion and judgment of the Court of Appeals. Therefore, by the statement above quoted, we only quashed the record we had authority to review—the opinion, judgment and record thereof made by said court.

II. Relator claims it was denied the right to argue the case after we had quashed the opinion. The quashing of an opinion of a Court of Appeals does not call for a retrial of the case in said court. Such action by this court leaves the case under submission in the Court of Appeals. Relator argued the case before submission, and after submission the time for argument had passed. Of course, if a submission is set aside, the parties may be given time for re-argument.

We assume the submission was set aside, for in the opinion under review it is said: "When the case again reached this court it was set down for re-argument and was again submitted to this court for consideration." We think this statement is conclusive. In addition, no question of conflict is tendered, and the complaint is dismissed.

III. In the opinion under review the Court of Appeals adopted its former opinion "insofar as that opinion is not inconsistent with the decision of the Supreme Court in the certiorari case." Relator complains of this. It is an unusual method of delivery, and it would be difficult to harmonize such a method with the Constitution and statutes. [Sec. 15, Art. VI, Mo. Const.; Secs. 1518, 1519, R. S. 1919.] However, absent a tender of conflict, this complaint is also dismissed.

IV. Relator insists the Court of Appeals ruled that a *de jure* officer illegally discharged may recover salary from the city during ouster, although said salary had been paid by the city in good faith to a *de facto* officer. It also insists that such ruling is in conflict with decisions of this court. The identical contention was made on our review of the former opinion of the Court of Appeals. We then held that said opinion did not disclose such ruling. [State ex rel. Kansas City v. Trimble, 317 Mo. 1. c. 1208, 298 S. W. 835.] No such ruling is made in the opinion under review. Relator undertakes to put the question in this proceeding by quoting from the testimony of witnesses. This is an admission that the opinion does not indicate that the defense was interposed. We look to the opinion for the facts. Relator cites State ex rel. Kansas City v. Coon, 296 S. W. 1. c. 102. On motion for rehearing in that case, 316 Mo. 1. c. 552, RAGLAND, J., said:

"Relator insists that it is entitled to a rehearing for the reason, among others, that our original opinion herein is contrary to the overwhelming weight of authority to the effect that payment to a *de facto* officer of the salary incident to the office is a complete defense to an application of the *de jure* officer, upon his restoration to office, for mandamus to compel the payment of the salary to him. The efficacy of such defense was not considered, because not raised by either pleading or brief on behalf of relator."

Thus it appears the defense was not interposed, and the discussion of the question was *obiter*. The contention is overruled.

V. The Court of Appeals, after writing at length on the effect of our former opinion on the record in the case, said: "We will reverse the judgment and remand the case with directions to the trial court

to render judgment in favor of relator for his salary from the date of his discharge to February 24, 1925.''

Relator contends that this action of the court is in conflict with decisions of this court holding that mandamus is not the proper remedy, citing State ex rel. Gallagher v. Kansas  City, 319 Mo. 705, 7 S. W. (2d) 367; State ex rel. Goldman v. Kansas City, 319 Mo. 1078, 8 S. W. (2d) 620; Kithcart v. Kansas City, 8 S. W. (2d) 895. The opinions in those cases were delivered after the delivery of the opinion under review, therefore there can be no conflict. The opinion under review followed the decisions of this court in the following cases: State ex rel. Kansas City v. Trimble, 317 Mo. 1208, 298 S. W. 833; State ex rel. Stomp v. Kansas City, 313 Mo. 352, 281 S. W. 426; State ex rel. Prior v. Kansas City, 261 S. W. 112; State ex rel. Hamilton v. Kansas City, 303 Mo. 50, 259 S. W. 1045, 1. c. 1052; State ex rel. Kansas City v. Coon, 316 Mo. 524, 296 S. W. 90, 1. c. 95.

While we held in quashing the former opinion of the Court of Appeals that plaintiff was not entitled to restoration to office or to salary after the effective date of the Charter of 1925, we also held, in effect, that he was entitled to salary from the date of his discharge to the date of the adoption of the charter. It follows that the Court of Appeals in directing a verdict for plaintiff as above indicated was within its jurisdiction and not in conflict with the last previous decision of this court on the question. The contention is overruled.

VI. The court further said in the opinion under review:

''However, as it appears that the personnel of the officers of the city against whom this writ of mandamus was issued, has changed,  the trial court is directed to substitute as parties respondent the present officers of the respondent Kansas City who have succeeded the officials who were in office when this suit was instituted, and the court is directed to award a peremptory writ of mandamus against the new respondents commanding the respondent Director of Finance of Kansas City to draw and sign a warrant on the respondent treasurer of respondent Kansas City, in favor of relator, for the sum of money found to be due relator and to deliver such warrant to him, and commanding the treasurer of said respondent city to pay the amount to relator when said warrant is presented by him for payment.''

Relator contends this action of the court is in conflict with State ex rel. Mt. Pleasant Township v. Hall, 304 Mo. 83, 262 S. W. 720, and State ex rel. Priddy v. Gibson, 187 Mo. 536, 1. c. 553, 86 S. W. 177.

The Mt. Pleasant case was an action against the clerk and judges of the county court to compel the extension of a special road-and-bridge tax levied by a township board. Pending a disposition of the

case, the terms of office of these officials expired. They asked that the action be abated as to them. This was done. There was no suggestion of substitution, and the question was not considered.

The Priddy case was a mandamus proceeding to compel a circuit judge to sign a bill of exceptions. Pending a disposition of the case his official term expired. It was suggested that if the writ was granted it should go against his successor. His successor was not a party to the proceeding, and we decline to determine the question. That suit was the assertion of a right against an individual. Under the statute, the signing of a bill of exceptions by a succeeding judge might involve the exercise of discretion.

The suit resulting in the present review was the assertion of a right against a city. Indeed, Kansas City, as the real party in interest, is the relator herein and was the relator in the former certiorari proceeding. The substituted officials have no individual interest in the result of the suit on the merits or in the result of this review. There is no conflict, and the ruling of the Court of Appeals on the question is in harmony with the weight of authority. [38 C. J. pp. 858, 859.]

It follows our writ should be quashed. It is so ordered. All concur, except *Walker, J.,* who concurs in result.