DAVE WHOLF v. KANSAS CITY, CLAY COUNTY & ST. JOSEPH RAILWAY COMPANY, Appellant.—73 S. W. (2d) 195.

Division Two, June 19, 1934.

*Cooper, Neel, Kemp & Sutherland* and *Frank J. Rogers* for appellant.

*Robert M. Murray* for respondent.

FITZSIMMONS, C.—This case comes to the writer upon a re-assignment of pending appeals. The question for decision is whether the trial court erred in sustaining plaintiff's (respondent's) motion for a new trial. The action was for damages for personal injuries and property damage suffered at a road crossing in a collision of appellant's electric motor car with respondent's truck. The accident happened near Excelsior Springs in Clay County, Missouri. The action was prosecuted in the Circuit Court of Jackson County at Kansas City. Upon trial there was verdict and judgment for the defendant. The amount for which respondent sues fixes our jurisdiction.

Briefly stated the facts are these: At the point of the collision appellant's single-track railway runs east and west. The crossing road runs north and south. Close by the south line of appellant's right of way and about four hundred feet west of the crossing are

the surface works of a coal mine. The road is a private one. It leads from the mine parallel to the right of way eastwardly about four hundred feet where it turns north, crosses the track, and goes on to a public highway a quarter of a mile distant. The road is twenty-five or thirty feet lower than appellant's track at the mine shaft. But it rises gradually until, at a gate in the right-of-way fence, twenty-nine feet from the track, the road is seven feet below the track. At that point the road completed its left turn and pointed north toward the nearby east and westbound track. In less than the distance of twenty-nine feet from the right-of-way fence to the track the road rose seven feet to the level of the track and had a brief horizontal space short of the actual crossing. West from the crossing, appellant's track has a straight-away stretch of twelve hundred feet. This length of straight track has a rather sharp down grade from west to east, that is toward the road crossing. Down this stretch of twelve hundred feet, one of appellant's electric motor cars, eastbound to Excelsior Springs and going at forty or fifty miles an hour, came on to a collision with respondent's truck about the noon hour on November 5, 1925. It was a clear day, but thawing, and the private dirt road was slick and poor for traction on the rise from the mine land to the railroad crossing. Respondent Wholf had loaded his truck with coal, and had headed up the road toward the track. At the right-of-way gate, the rear wheels spun on the incline but the truck stood still. For ten minutes respondent vainly tried to make his truck climb the grade. Then Claude Clevenger, driving his truck toward the mine for a load of coal, took Wholf's truck in tow. This Clevenger did by turning his truck about, backing it toward Wholf's stalled truck, and passing a chain from the rear of his truck to the front part of Wholf's. The chain was about six feet long. Clevenger drove forward, and Wholf's truck followed, Wholf himself sitting in his cab and steering. Clevenger's truck crossed the track in safety, but Wholf's truck was hit by the on-coming electric motor car. The truck was destroyed and respondent himself was gravely injured.

The trial court stated as a reason for sustaining respondent's (plaintiff's) motion for a new trial that it erred in giving appellant's (defendant's) Instruction No. 6. While the court did not point out the particular vice which it saw in the instruction, both appellant and respondent treat the instruction as involving, in the view of the trial court, the error of the inclusion of the element of contributory negligence in a defendant's instruction in a case submitted to the jury by the plaintiff upon the humanitarian doctrine alone. This seems to us to be the only question that the instruction can raise. Appellant denies that respondent submitted the case to the jury on the humanitarian doctrine alone. It also denies that respondent pleaded the humanitarian doctrine in his amended petition

or included its essential elements in his main instruction, or gave evidence tending to prove the doctrine as pleaded or defined by law. And finally, defendant contends, that Instruction No. 6 is a correct statement of the applicable law. It is necessary for the determination of this appeal that we first decide whether respondent's main Instruction No. 1 submitted the case to the jury upon the humanitarian doctrine alone. Therefore we set out that instruction which is as follows:

"The court instructs the jury that if you find and believe from the evidence that on the 5th day of November, 1925, plaintiff was driving an automobile truck in a northeasterly direction on a road leading from the mine mentioned in evidence toward and across a railroad track that crosses said road at approximately right angles, if such be the fact; and if you further find that on said day and for a long time prior thereto, said crossing and road were used at all hours of the day by a number of automobile truck owners and their employees in going to and returning from said mine, and that defendant and its servants knew, or could have known by the exercise of ordinary care that said crossing was so used (if you find it was so used); and if you further find that at and for a long time prior to said 5th day of November, 1925, the defendant maintained a whistling post some distance west of said crossing and that defendant's servants in operating cars on said track customarily blew the whistle on said cars at said whistling post for said crossing (if you so find); and if you further find that defendant then and there operated an electric car eastwardly on said railroad track toward said crossing and that plaintiff and the automobile in which he was riding was then and there in danger of being struck and injured by said car (if you so find), and that plaintiff, while approaching said track, was oblivious to the approach of said car, if such be the fact, and that defendant's motorman in charge of said car, by using ordinary care in keeping a lookout ahead of said car for persons or automobiles, if any, in or upon said road moving toward said track, could have discovered that the plaintiff and the automobile in which he was riding were then and there in a perilous position, if they were, and that plaintiff was oblivious of his peril, if such be the fact, and in danger of being struck and injured by said car in time to prevent said car from striking and injuring plaintiff and the automobile in which he was riding, if any, by sounding the whistle or ringing the bell on said car, or by reducing the speed of said car in the shortest time they could have done so by the exercise of ordinary care with the appliances then at hand, consistent with the safety of the passengers then and there on said car, and that they then failed to sound said whistle or ring said bell on said car or reduce the speed of said car in the shortest time they could by the exercise of ordinary care with the appliances then

at hand consistent with the safety of the persons then and there upon
said car, and thereby negligently, directly and proximately caused
and permitted (if such is the fact) said car to strike and injure plain-
tiff and damage his said automobile, the automobile if so, in which
plaintiff was riding, and that said plaintiff thereby received in-
juries, if you find he was injured, and his truck was damaged, if you
find it was damaged, then your verdict should be in favor of plain-
tiff and against defendant, and this is true, even though you should
believe and find from the evidence that plaintiff himself was neg-
ligent in failing to observe the approach of said car.''

Appellant's Instruction No. 6, upon the giving of which the trial
court based its order for a new trial, is as follows:

''The court instructs the jury that if you find and believe from
the evidence in this case that the plaintiff drove the truck he was
on from a place of safety and onto defendant's track, directly in
front of the approaching interurban car, and that same constituted
negligence or if you find and believe from the evidence that plaintiff
drove the truck he was driving onto defendant's track after starting
to cross over without giving any warning or signal of his movements
and did not stop the truck before getting onto said track and with-
out looking and listening to advise himself of whether there was any
car approaching, and if you find that such action (if any, and if
you so find) of the plaintiff was negligent and careless, and if you
further find that such negligence and carelessness (if any, and if
you so find) directly contributed to any injury plaintiff may have
received; and if you further find that defendant's motorman, Mr.
Herrod, could not, by the exercise of ordinary and reasonable care,
under the circumstances, and with safety to the passengers on
board said car, have slackened the speed of the interurban car, or
have warned plaintiff in time after plaintiff got into such position
of danger and peril (if you so find) to avoid striking the truck, then,
the plaintiff is not entitled to recover in this case and your verdict
must be for the defendant.''

Respondent, by his amended petition, charged negligence as fol-
lows:

''That defendant and its agents, etc., were negligent, in that they
failed to give plaintiff any warning signals of the approach of said
car to said crossing, and in that they negligently operated said car
without keeping the proper or reasonably sufficient lookout ahead
and without having or keeping said car under proper and reason-
able control.

''That defendant and its agents, etc., were further negligent, in
that they operated said car at said time and place at a high, danger-
ous and negligent rate of speed, to-wit, about forty miles per hour,
under the circumstances then and there existing.

''That defendant and its agents, etc., at said time and place saw,

or by the exercise of ordinary care could have seen, plaintiff and his said automobile approaching and upon said crossing in a position of peril in time, by the exercise of ordinary care, to have warned plaintiff by bell or whistle, of the approach of said car, or in time to have checked the speed of said car, or to have stopped the same and avoided striking said automobile and causing the injuries hereinafter set out, but that said agents, servants and employees of defendant in charge of said car negligently and carelessly failed to give such warning and negligently and carelessly failed to so check the speed of said car or to stop the same.''

The answer was a general denial and a plea of contributory negligence.

. By way of approach to the question whether the trial court erred in granting to respondent a new trial on account of error in appellant's given Instruction No. 6, we will state some principles governing the humanitarian doctrine.

■ A contributory negligence instruction has no place and it is prejudicially erroneous in a case submitted to the jury *solely* upon the humanitarian doctrine. [Schulz v. Smercina, 318 Mo. 486, 1 S. W. (2d) 113; Banks v. Morris & Company, 302 Mo. 254, 257 S. W. 482; Ellis v. Metropolitan Street Railway Company, 234 Mo. 657, 1. c. 681, 138 S. W. 23.]

But in a negligence case *not* submitted solely under the humanitarian doctrine, it is proper for defendant to submit plaintiff's contributory negligence as a defense to defendant's alleged primary negligence. [Torrance v. Pryor (Mo.), 210 S. W. 430; Rawie v. Chicago, B. & Q. Railroad Co., 310 Mo. 72, 274 S. W. 1031.] Respondent concedes this rule with the proper reservation however, that defendant's instructions on contributory negligence be so conditioned that they do not conflict with plaintiff's humanitarian instruction.

. Respondent concedes that, in State ex rel. Fleming v. Bland, 322 Mo. 565, 15 S. W. (2d) 798, our Supreme Court very properly held that "the antecedent negligence of defendant may be taken into consideration in determining whether he was negligent under the humanitarian rule,'' since to do so "would in many cases permit an unwarranted recovery for primary negligence through the elimination . . . of the defense of contributory negligence.'' This correct interpretation of and almost literal quotation from the Fleming case fits aptly respondent's own Instruction No. 1. This instruction brought to the attention of the jury, in determining whether appellant was negligent under the humanitarian rule, respondent's charge of primary negligence of failure to keep a sharp lookout for persons who might be upon a much used crossing, and of failure to blow a whistle at a whistling post. The evidence showed that the whistling post was at the statutory distance of about twelve hundred feet from the crossing. Respondent disposes of this fault

in his main instruction by "conceding" that he assumed a greater burden than necessary and by arguing that any reference in the instruction "to the conduct of defendant or its motorman before plaintiff approached and entered a position of peril must be treated as surplusage." In other words, in order that we might view his case as one submitted solely on the humanitarian doctrine respondent would have us to eliminate from his main instruction his hypotheses of primary negligence. Only by this means can appellant be convicted of the error of meeting a solely humanitarian case with a defense of contributory negligence. This we cannot do, consistently with even handed justice, with logical processes of reasoning, or with due regard for the limitations as well as for the scope of the rule which sets up an exception to the defense of contributory negligence. Neither can we resort to respondent's easy device of surplusage without doing violence to the decision of this court in State ex rel. Fleming v. Bland et al., supra. That was a certiorari proceeding in which this court quashed an opinion of the Kansas City Court of Appeals affirming a verdict of plaintiff below in an action for personal injuries against the receivers of a street railway. The ground for the action of this court was that the opinion of the Court of Appeals held to be harmless error an instruction given on behalf of plaintiff predicated on primary negligence, although the case was submitted to the jury on the humanitarian theory alone. This court in quashing the opinion examined in the Fleming case ruled (322 Mo. 565, 15 S. W. (2d) l. c. 799):

"The holding of the Court of Appeals that defendants' prior negligence might, or should be, taken into consideration in determining whether they were guilty of negligence under the humanitarian doctrine contravenes many decisions of this court." These decisions are: Sullivan v. Railroad, 117 Mo. 214, 23 S. W. 149; Haley v. Railroad, 197 Mo. 15, 93 S. W. 1120, 114 Am. St. Rep. 743; McGee v. Railroad, 258 Mo. 62, 167 S. W. 433.

Respondent's main instruction is double-barreled, as it were, in this that it laid before the jury primary negligence and, after a fashion, humanitarian negligence. It is true that respondent's main instruction did not logically carry to an ultimate conclusion its premises of primary negligence. But these premises were before the jury none the less. Appellant's Instruction No. 6 was dual and converse in that it met the combined primary and humanitarian negligence of respondent's main instruction with appellant's theory of the evidence and applicable law. We do not commend this consolidated form of instruction. But this appeal does not require us to make further observation of the form. We are of opinion that respondent's main instruction did not submit to the jury the humanitarian theory of negligence alone. The conclusion follows that the trial court erred in sustaining respondent's motion for a new trial in giving appellant's Instruction No. 6.

II. Respondent insists that the action of the trial court in sustaining the motion for a new trial can be upheld upon the ground of error in appellant's given instructions 5, 8 and 11. The trial court in its order granting a new trial did not assign error to these instructions. Therefore the burden is on respondent to show error. We have examined the three instructions mentioned and do not find in them any prejudicial error.

For the reasons stated this cause is remanded with directions to the trial court to set aside its order granting to respondent a new trial, to enter a new order overruling respondent's motion for a new trial and to reinstate the judgment which was originally entered upon the return of the verdict of the jury. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by Fitzsimmons, C., is adopted as the opinion of the court. All the judges concur.