# OCTOBER, 1935.

GEORGE KING, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE COMPANY, APPELLANT.—S. W. (2d) ——.

Kansas City Court of Appeals. January 6, 1936.

*Charles L. Carr, Cooper, Neel, Kemp & Sutherland* and *E. E. Ball,* for appellant.

*Cowgill & Popham, John F. Cook* and *Louis Wagner* for respondent.

*Louis R. Weiss, Amicus Curiae.*

CAMPBELL, C.—Plaintiff was a passenger in an automobile driven by W. W. Goergen. When the automobile was upon the intersection of Guinotte Avenue, an east and west street, and Prospect Avenue, a north and south street, in Kansas City, it was struck by defendant's westbound street car operated by Ben Schuster. Plaintiff was injured in the collision. He brought this suit to recover for the injuries, obtained a judgment, from which the defendant has appealed.

There was both a north and south street car track along Quinotte Avenue. The automobile until it came to and entered the intersection followed an eastbound street car. When that street car was about forty feet east of the intersection the automobile was turned to the north and thence driven across the south street car track in a northeast direction until its front wheels passed over the south rail of the westbound track, at which time it was struck by defendant's westbound street car.

The defendant does not question the sufficiency of the petition to state a case of negligence under the humanitarian doctrine nor does it question the sufficiency of the evidence to sustain the pleaded case. The sole assignments of error are (1) that plaintiff's Instruction No. 1 was erroneous; (2) the refusal of defendant's Instruction G, modification thereof and giving it as modified, and (3) the overruling of defendant's motion for new trial. In view of the assignments of error we shall state only that part of the evidence necessary to be considered in determining the questions presented on appeal.

Plaintiff's Instruction No. 1 was as follows:

"The court instructs the jury if you believe from the evidence that defendant was operating the street car in question *at the time and place referred to in evidence* and that plaintiff was riding in the Ford automobile referred to in evidence with the permission of the driver thereof, if you so find, and *that plaintiff was then and there in a position of imminent and inescapable peril of being injured by the movements and approach of said street car,* if you so find, and that the operator of said street car either knew or by using ordinary care could have seen and known of such imminent and inescapable peril, if you so find he was in imminent and inescapable peril, in time thereafter by using ordinary care and the means at hand and with safety to said street car and those on it to have slackened the speed of said street car or to have stopped said street car and thereby prevented said collision and prevented injury, if any, to Mr. King, if you so find, and that the operator of said street car failed to use ordinary care so to do and was thereby negligent, if you so find, and that by reason thereof said collision was brought about and Mr. King was thereby injured, if you so find, then your verdict must be for plaintiff, King, and against defendant under this instruction, and this is true even though you should also further believe that plaintiff, King, or the Ford driver was careless in getting into such peril, if there was such peril, and regardless of whether you believe the Ford driver or plaintiff were sober or not."

The objections to the instruction are that it gave the jury a roving commission, allowed the jury to base a verdict for plaintiff on speculation, does not identify the particular accident, "does not limit the humanitarian doctrine with respect to the eastbound auto in which plaintiff was riding as a passenger to the time that it made a left-hand turn to the north in front of defendant's westbound street car, (c) it does not submit the facts pleaded (and shown in evidence) and is not limited to such facts, (d) it is not limited to the submission of humanitarian doctrine issues, but erroneously submits and advises the jury that the verdict should be for the plaintiff, even though the jury finds that the plaintiff and the auto driver were

guilty of negligence, and even though the jury believes that the auto driver and the plaintiff were intoxicated at the time of the accident, the instruction being inconsistent on the humanitarian doctrine, including issues not involved therein, argumentative, singling out and commenting upon the evidence and passing upon the credibility of witnesses, leading the jury to believe that the court favored plaintiff's side of the case and plaintiff's evidence, and (e) the instruction as a whole is confusing, misleading and prejudicial.''

We have italicized that part of the instruction which the defendant claims gave the jury a roving commission and did not identify the particular accident. In this connection the defendant further contends that the humanitarian doctrine ''does not commence to operate until'' the automobile was turned to the north. In passing upon the insistance we must bear in mind that there was only one collision, the place of which was not in dispute; that the only controverted question concerning the matter related to the location of each of the street cars at the time the automobile was turned to the north. On this question the jury could have found that the motorman after the automobile was turned to the north could not have prevented the collision, and the jury could also have found that after the automobile was turned to the north and plaintiff came into imminent peril the motorman thereafter had ample time in which to stop the street car and thus have prevented the accident. We cannot remove terms and phrases from the instruction and consider them as though they form no part of the instruction. On the contrary, the instruction must be considered as a whole. When thus considered the instruction, aside from the closing part of it which will hereinafter be discussed, told the jury that if it found that the defendant was operating the street car in question, meaning, of course, the westbound car; that plaintiff was riding in an automobile and that plaintiff was then and there in a position of peril ''by the approach'' of the street car; that the operator of the street car knew or in the exercise of ordinary care could have known of plaintiff's peril in time thereafter by the exercise of ordinary care to have prevented the accident but negligently failed to exercise such care and in consequence plaintiff was injured, then plaintiff was entitled to a verdict. The instruction in the particulars mentioned was not misleading nor confusing. Certainly no juror would consider that plaintiff was going into a position of peril until the automobile was turned to the north. It may be that the facts hypothesized in the instruction could have been expressed in clearer terms. Be that as it may, the defendant is not in position to complain for the reason that it obtained the following instructions:

''C.

''In this case, the plaintiff claims that the operator of the *street car mentioned in evidence* was negligent in the operation thereof

after he saw, or by the exercise of ordinary care could have seen, plaintiff *in or evidently approaching a position of peril* and that plaintiff was injured as a direct result of such negligence on the part of the operator of said car, which the defendant denies. The court instructs the jury that upon *these issues* the burden of proof is upon the plaintiff and remains upon the plaintiff throughout the trial of this case and unless you find and believe from the evidence that the plaintiff has proved by a preponderance of all the credible testimony in the case that the plaintiff was injured, and if injured that he was injured as the direct result of said negligence (if any) of the operator of the street car as negligence is defined in other instructions given you herein, then your verdict must be in favor of the defendant. . . ."

## "D.

"The court instructs you that the plaintiff in this case is relying solely upon the so-called "humanitarian rule" which, as applied in this case, refers to the duty of Mr. Schuster, the operator of the westbound street car in question, to take such action as he could in the exercise of reasonable care to avert a collision between the street car and the automobile in question, after he saw or by the exercise of ordinary care could have seen said automobile *in or evidently coming into a position of imminent danger* of colliding with said eastbound street car, and any negligence of the said Schuster (if you should find he was negligent) *prior to the time said automobile was in or evidently coming into a position of imminent danger* must be disregarded by you in determining plaintiff's rights to recover in this case; and if you find and believe from the evidence that the said Schuster, the operator of the westbound street car, after he saw or by the exercise of ordinary care could have seen plaintiff's automobile *in or evidently coming into a position of imminent danger of colliding with said westbound street car,* did thereupon, with due regard for the safety of himself and with the means at his command, exercise such care and made such efforts to avoid said collision as an ordinarily careful motorman would have done under like or similar circumstances, then you are instructed that the said Schuster discharged any duty which he owed to plaintiff and your verdict must be in favor of the defendant."

## "E.

"The court instructs the jury that the law does not require a man operating a street car as Mr. Schuster *was at the time and place in question* to accomplish more than an ordinarily careful operator would accomplish under the same or similar circumstances; the care required of Mr. Schuster in operating the *street car in question* was the care

that an ordinarily prudent and ordinarily careful street car operator would exercise under the stress of the exigency (if any) *of the situation as it presented itself actually at the time and place described in evidence;* and if you find and believe from the evidence that Mr. Schuster, the operator of said car, used that degree of care which an ordinarily careful street car operator would have used in the emergency (if any) when it arose, then (if you so find) the court instructs you that said street car operator discharged any duty he owed to plaintiff and plaintiff cannot recover in this case, and your verdict must be for the defendant.''

## ''F.

''The court instructs the jury that the defendant in this case was not an-insurer of the safety of the plaintiff while a passenger in the automobile *at the time and place in question,* and the mere fact (if you so find) that plaintiff was injured as a result of a collision between the automobile in which plaintiff was riding and the street car mentioned in evidence (if you so find) does not of itself entitle plaintiff to a verdict against the defendant; and you are further instructed that, if you find and believe from the evidence, that after Mr. Schuster, the operator of the street car, saw, or by the exercise of ordinary care could have seen, the automobile in which plaintiff was riding *in or apparently coming into a position of imminent peril of colliding with said street car,* and that said street car operator was thereafter unable, by the exercise of ordinary care and with the means at his command and with safety to himself, to have avoided said collision and injury (if any) to the plaintiff, then your verdict must be in favor of the defendant.''

We have also italicized that part of defendant's instructions in which it used substantially the same terms and phrases which were used in plaintiff's instruction No. 1, and which the defendant now criticizes. The error, if any, was common to both parties and neither may complain. [Steger v. Mechan, 63 S. W. (2d) 109.] The instructions considered as a whole upon the issues above mentioned were neither confusing nor misleading. It is not amiss to say that the defendant's instructions were more favorable to the plaintiff than his own on the question relating to the time when plaintiff came ''into a position of imminent danger.''

The defendant criticizes the concluding part of said instruction which told the jury that upon finding the facts therefore predicated in the instruction the plaintiff was entitled to a verdict even though he and the driver were negligent in getting into a position of peril and regardless of whether or not either of them was sober. The argument is that the instruction injected the issue of contributory negligence into the case and that as the case was one of negligence under

the humanitarian doctrine contributory negligence was not an issue. In support of the contention counsel cite, among others, the following cases: Schulz v. Smercina, 318 Mo. 486, 1 S. W. (2d) 113; Reith v. Tober, 8 S. W. (2d) 607; Gettys v. American Car & Foundry Co., 14 S. W. (2d) 85; Sillman v. Munger Laundry Co., 44 S. W. (2d) 159; Gray v. Columbia Terminals Co., 52 S. W. (2d) 809; Clayton v. Hydraulic Press Brick Co., 27 S. W. (2d) 52; Calvin v. Forrest, 72 S. W. (2d) 177; Freeman v. Berberich, 60 S. W. (2d) 393; Wholf v. K. C., Clay County & St. J. Ry. Co., 73 S. W. (2d) 195; Wilhauck v. Chicago, R. I. & P. Ry. Co., 61 S. W. (2d) 336; Wolfson v. Cohen, 55 S. W. (2d) 677; Pence v. K. C. Laundry Service Co., 59 S. W. (2d) 633; Brown v. Wheelock, 83 S. W. (2d) 911; Mayfield v. K. C. Ry. Co., 85 S. W. (2d) 116.

The defendant says that Schulz case, *supra,* is "the key case to this entire question. . . . ." In that case the defendant obtained instructions which injected the issue of contributory negligence into the case. The court held that said instructions were erroneous and harmful in a humanitarian case and, for that reason, reversed the judgment which was for the defendant and remanded the cause.

In the Brown case, *supra,* the court held that the plaintiff made a case under the humanitarian rule. The verdict was for the defendant and plaintiff appealed. The defendant obtained an instruction which injected contributory negligence into the case. For that reason the judgment was reversed and the cause remanded.

In the Pence case, *supra,* the plaintiff submitted the case on grounds of specific negligence and also upon negligence under the humanitarian rule. The instruction which submitted the case under the humanitarian rule concluded as follows: "Then your verdict must be for plaintiff Mrs. Pence and against defendant under this particular instruction, even though you should believe from the evidence that Mrs. Pence failed to use ordinary care for her own safety and that both Dr. and Mrs. Pence were careless in getting into the position they were in at the time of the collision." The instruction in that case on the point now under consideration was in effect the same as the instruction in the instant case save for the words "under this particular instruction." There was no need for such limitation in the case at bar because there was only one issue of negligence submitted to the jury.

We will not further analyze the cases cited for the reason that in each of them which was based upon the humanitarian rule the instruction condemned by the court was obtained or sought to be obtained by the defendant therein. None of the cases hold that an instruction, such as plaintiff's Instruction No. 1 in the case at bar, was erroneous nor do any of them question the correctness of the closing part of any instruction which was similar to the closing part

of plaintiff's instructions in the present case. Moreover, the cases relied upon by defendant are in harmony with the principle announced in the Schulz case. We agree with the defendant's contention to the effect that contributory negligence of a plaintiff is not a defense in a case based solely upon the humanitarian rule and that an instruction which injects the issue of contributory negligence into such a case is erroneous. That part of the instruction under consideration in the present case does not *inject* the issue of contributory negligence nor does it *inject* any other issue into the case. It merely removed the issue of contributory negligence from the case. Until that instruction was given there was a live and active dispute concerning plaintiff's contributory negligence. That question, when the case was submitted solely on the humanitarian doctrine, passed out of the case. In such circumstances both reason and authority support the proposition that the court had the right to tell the jury that upon finding the facts hypothesized in the instruction the plaintiff was entitled to a verdict even though he was negligent and drunk. [Murphy v. Wabash Ry. Co., 128 S. W. 481; Grubbs v. K. C. Public Service Co., 45 S. W. (2d) 71; Wallace v. St. Joseph Ry., Light, Heat & Power Co., 77 S. W. 1011; Sethman v. United Depot Bridge & Terminal Ry. Co., 218 S. W. 879; Gordon v. Postal Telegraph-Cable Co., 24 S. W. (2d) 644; State ex rel. Berberich v. Haid et al., 64 S. W. (2d) 667.]

The instruction is further criticized upon the ground that it "singles out and comments" on the evidence tending to show that plaintiff and the driver were intoxicated and that the jury was caused to believe that the court favored plaintiff's evidence. The point is ruled against the defendant on authority of the following cases: Murphy v. Wabash Ry. Co., 128 S. W. 481, and Grubbs v. K. C. Public Service Co., 45 S. W. (2d) 71; State ex rel. Berberich v. Haid et al., 64 S. W. (2d) 667. Furthermore, defendant's Instruction H told the jury that in determining the credibility of the evidence of any witness it should take into consideration, among other things, "the probability of their statements, the opportunity the witness had to observe and be informed as to the matters respecting which the witness testifies, and the inclinations of the witness to speak truthfully. . . . The jury would understand from the instruction that if plaintiff were drunk his evidence should not receive as great weight as it would have received had he been sober.

One of the instructions in the case of Morgan v. Wabash Ry. Co., 60 S. W. 195, 159 Mo. 262, contained a clause substantially the same as the concluding part of Instruction No. 1 in the present case. The Morgan case has been cited and approved many times and in no instance has the Supreme Court departed from the principle therein announced.

94

In the case of Moran v. Atchison, Topeka & Santa Fe Ry. Co., 48 S. W. (2d) 881, the plaintiff's Instruction No. 1 concluded: "Although you may further find and believe from the evidence that said Joe E. Moran was guilty of negligence in remaining upon or near said track and said negligence directly contributed to his death." The instruction was approved by the court. *Certiorari* denied October 10, 1932; 53 Sup. Ct. 21.

The contention of the defendant was decided adversely to it in the case of State ex rel. Berberich v. Haid et al., 64 S. W. (2d) 667.

In its second assignment of error the defendant says that the court erred in refusing its Instruction G, erred in modifying said instruction and erred in giving it as modified. The only reference in the defendant's motion for new trial to its Instruction G reads: "Because the court erred in modifying instruction lettered "G," all over the objections and exceptions of the defendant." It is plain that defendant does not in its motion for new trial complain of the action of the court in refusing the instruction nor of the action of the court in giving the instruction as modified. The only ground stated in the motion with respect to the instruction was that error was committed in modifying it. The modification could not of itself hurt the defendant. The court modified the instruction and gave it as modified. To the latter ruling the defendant does not in its motion for new trial complain. Therefore, on the record before us, we cannot convict the trial court of error in refusing the instruction as requested nor in giving it as modified. For the reasons stated the point is ruled against the defendant.

The third assignment of error is that the court erred in overruling defendant's motion for new trial. Such an assignment presents nothing for review. There is no error in the record. The judgment is affirmed. *Reynolds, C.,* dissenting.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.