STATE OF MISSOURI at the relation of KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals.—124 S. W. (2d) 1097.

Division Two, February 21, 1939.

*Charles L. Carr* and *Cooper, Neel, Kemp & Sutherland* for relator.

*Cowgill & Popham, John F. Cook* and *Louis Wagner* for respondents.

BOHLING, C.—This proceeding in certiorari by the Kansas City Public Service Company, a corporation, to test rulings of the Kansas City Court of Appeals in George King, respondent, v. Kansas City Public Service Company, appellant, decided February 17, 1936, and reported in 91 S. W. (2d) 89, reaches the writer upon reassignment.

The case arose out of a collision between an automobile in which plaintiff was riding and one of relator's street cars.

I. Plaintiff's sole instruction predicating a recovery was based upon the humanitarian doctrine. Relator, not questioning here that portion of the instruction hypothecating facts authorizing a recovery, says respondent judges erred in approving the "even though" or concluding portion of said instruction reading: ". . . and this is true even though you should also further believe that plaintiff, King, or the Ford driver was careless in getting into such peril, if there was such peril, and regardless of whether you believe the Ford driver or plaintiff were sober or not." The issues bearing thereon are

stated in the opinion of respondent judges [consult State ex rel. v. Daues (Banc), 297 S. W. 951, 953(3)]:

First. "The argument is that the instruction injected the issue of contributory negligence into the case, and that, as the case was one of negligence under the humanitarian doctrine, contributory negligence was not an issue." [91 S. W. (2d) l. c. 92(4).]

To sustain its contention of a conflict in that said "even though" clause erroneously injected the issue of contributory negligence into the case, relator relies upon the cases that may be found cited in Crews v. Kansas City Pub. Serv. Co., 341 Mo. 1090, 111 S. W. (2d) 54, 59(7), being, with one or two additions, the cases mentioned in the Court of Appeals' opinion at 91 S. W. (2d) l. c. 92. We shall not repeat the citations. Of said cases, relator places emphasis upon Schulz v. Smercina, 318 Mo. 486, 498(III, IV), 1 S. W. (2d) 113, 118(5, 6, 7); Mayfield v. Kansas City So. Ry. Co., 337 Mo. 79, 87-91, 85 S. W. (2d) 116, 121, 123(6); Wholf v. Kansas City, C. C. & St. J. Ry. Co., 335 Mo. 520, 526(1), 73 S. W. (2d) 195, 198(1); Kleinlein v. Foskin, 321 Mo. 887, 899, 904, 13 S. W. (2d) 648, 653(1), 656(12); State ex rel. Berberich v. Haid, 333 Mo. 1224, 1229(3), 64 S. W. (2d) 667, 669(7, 8). Broad statements exist in relator's cases tending to support its position; but such statements are to be interpreted in the light of the facts and the issue ruled [State ex rel. v. Trimble, 333 Mo. 207, 214, 62 S. W. (2d) 756, 758(6)]. We analyze the cases stressed by relator and are constantly mindful this case was submitted solely under the humanitarian doctrine.

■ Relator says the Schulz case is the key case. Defendant's Instruction No. 8 therein withdrew a charge of defendant's antecedent primary negligence. The reason for holding such withdrawal instructions error in the circumstances is that they tend to confuse and mislead, rather than enlighten, the jury on the sole issue submitted and the application of the evidence bearing upon said issue. [Kleinlein v. Foskin, 321 Mo. 887, 905, 13 S. W. (2d) 648, 658.] Defendant's Instruction No. 9 in the Schulz case told the jury it was plaintiff's duty to exercise ordinary care in certain particulars and if they found certain hypothecated facts plaintiff was guilty of contributory negligence, while defendant's Instruction No. 10 informed the jury if they found that plaintiff was guilty of contributory negligence and that defendant was exercising ordinary care, the finding should be for defendant. Although the humanitarian doctrine may be something more than an exception to the law of contributory negligence [Banks v. Morris & Co., 302 Mo. 254, 266(I), 257 S. W. 482, 484(1)], under it the contributory negligence of plaintiff constitutes no defense to a recovery [Gray v. Columbia Term. Co., 331 Mo. 73, 82(5), 52 S. W. (2d) 809, 813(5)]. Reference to the citations in the Schulz case discloses that the observations there made tending to support relator's

contention spring from discussions of contributory negligence as a defense under the humanitarian doctrine. So viewed, said instructions, if they did not interpose (nebulously perhaps) contributory negligence as a defense, were reversible, rather than harmless, error because they so injected the issue of contributory negligence as to tend to mislead and confuse, rather than enlighten, the jury on the sole issue submitted and the application of the evidence bearing thereon. [See Willhauck v. Chicago, R. I. & P. Ry. Co., 332 Mo. 1165, 1172(6), 61 S. W. (2d) 336, 339(7).]

The ruling in the Mayfield case was that *an* instruction predicating a recovery for plaintiff on intermingled hypothetical facts constituting antecedent primary negligence and hypothetical facts constituting negligence under the humanitarian doctrine on the part of defendant, notwithstanding the jury might find that plaintiff was guilty of contributory negligence, was erroneous. For instance, among other things, the court said: ''Comparison with the petition makes it apparent that it [the instruction] allowed them [the jury] to find for plaintiff upon any of the primary negligence charged, and then eliminated contributory negligence as a defense to such primary negligence.'' [See 337 Mo. 79, 88, 89, 85 S. W. (2d) 116, 121, 122(5).] From this, as well as other portions of said opinion, it is obvious that the statement relied upon by relator in the Mayfield case at 337 Mo. l. c. 90, 85 S. W. (2d) l. c. 123(6), is to be read in connection with the questioned portion of the instruction under discussion and the ruling thereon.

The statement in the Wholf case that a contributory negligence instruction is prejudicially erroneous in a case submitted solely under the humanitarian doctrine was made ''by way of approach to the question'' presented. There the court considered plaintiff's instruction double-barreled in ''that it laid before the jury primary negligence and, after a fashion, humanitarian negligence,'' and defendant's dual and converse instruction, although not commended, was approved.

We understand the holding in that portion of the Kleinlein case stressed by relator here to be that an instruction on behalf of a plaintiff informing the jury defendant had not pleaded the defense of contributory negligence and, therefore, such issue was not before the jury and they were not called upon to consider any negligence on the part of plaintiff did not ''constitute reversible error'' in a case wherein the evidence did not justify an instruction on behalf of defendant as to plaintiff's negligence being the sole cause of plaintiff's injuries.

The ruling in State ex rel. Berberich, supra, was that the holding of the St. Louis Court of Appeals to the effect an ''even though,'' clause in a plaintiff's humanitarian instruction did not constitute reversible error in a case wherein plaintiff's contributory negligence was not a jury question was not in conflict with previous holdings of

this court. The St. Louis Court of Appeals [51 S. W. (2d) l. c. 156(3)] stated the inclusion of a clause similar to that under consideration here was improper; but Banc, speaking through Tipton, J., did not rule or say that.

It does not necessarily follow that one in a position of imminent peril or coming into a position of imminent peril and oblivious thereto is necessarily guilty of contributory negligence as a matter of law or fact. To limit a plaintiff's recovery in a case wherein plaintiff may not be guilty of contributory negligence to an instruction authorizing a recovery only upon defendant's negligence after plaintiff comes into a position of imminent peril might constitute error in unduly restricting plaintiff's right to recover for the primary negligence of the defendant. Trial lawyers know that in many humanitarian cases testimony, proper under the pleadings, is admitted establishing, if believed, plaintiff's negligence—contributory or sole; and in some instances the injured party may appear so palpably guilty of gross contributory negligence as to make it questionable whether lay minds would remain uninfluenced by such evidence in arriving at a verdict or the amount of the damages unless informed of that function of the humanitarian doctrine which eliminates contributory negligence as a defense. ▆ However, we need not pursue the matter. The cases relied upon by relator do not rule the instant issue. What is said in the course of said opinions lending countenance to relator's contention are observations made arguendo. While we are not concerned with the rulings subsequent to February 17, 1936, the date of the ruling here under review by certiorari [State ex rel. v. Trimble (Banc), 322 Mo. 360, 367, 20 S. W. (2d) 17, 19(7)], that the ruling of the precise issue presented to the Kansas City Court of Appeals does not contravene prior decisions of our court is held in the subsequent decision of Hyde, C., in Crews v. Kansas City Publ. Serv. Co., 341 Mo. 1090, 111 S. W. (2d) l. c. 59(7), stating, among other things, of the cases relied on by relator: "The cases are not in point on this proposition. . . ."

Second. Respondents' opinion also states: "The instruction is further criticized upon the ground that it 'singles out and comments' on the evidence tending to show that plaintiff and the driver were intoxicated and that the jury was caused to believe that the court favored plaintiff's evidence." [91 S. W. (2d) l. c. 93.]

We are not to determine the correctness of the ruling of the Court of Appeals upon the merits as an original issue on review [State ex rel. v. Reynolds (Banc), 290 Mo. 362, 371, 235 S. W. 88, 90(1); State ex rel. v. Ellison (Banc), 269 Mo. 151, 156, 190 S. W. 274, 275(2); State ex rel. v. Haid, 327 Mo. 217, 221, 37 S. W. (2d) 437, 438(2)], but whether respondents' ruling conflicts with our last previous ruling [Secs. 6 and 8 of the Amendment of 1884 to the

Missouri Constitution of 1875; State ex rel. v. Robertson (Banc), 264 Mo. 661, 671, 175 S. W. 610, 611(2)] " 'either as to a general principle of law announced, or as to a ruling under a like, analogous, or similar state of facts' " [State ex rel. v. Becker (Banc), 337 Mo. 341, 343(1), 85 S. W. (2d) 420, 421(1)].

 Respondents ruled that under the issue submitted and the facts of the case the questioned clause was not a comment on the evidence and did not cause the jury to believe the court favored plaintiff's evidence. Although not attacked on grounds presented here, we find instructions embodying thoughts similar to those expressed with reference to intoxication in the questioned clause of the instant instruction not disapproved in some cases [Werner v. Citizens' Ry. Co., 81 Mo. 368, 370(3); Bunyan v. Citizens' Ry. Co., 127 Mo. 12, 15, 16, 29 S. W. 842, 843; Grubbs v. Kansas City Pub. Serv. Co., 329 Mo. 390, 406, 407, 45 S. W. (2d) 71, 79(19)]; as well as statements to the effect the intoxication of a plaintiff constitutes no defense under the humanitarian doctrine [Millhouser v. Kansas City Pub. Serv. Co., 331 Mo. 933, 937, 55 S. W. (2d) 673, 675(2); Murphy v. Wabash Ry. Co., 228 Mo. 56, 81(b), 128 S. W. 481, 486(b)]. In Wallace v. St. Joseph Ry. Lt. H. & P. Co., 336 Mo. 282, 286(I), 77 S. W. (2d) 1011, 1012(I), we read: "Of course, since plaintiff sought recovery solely under the humanitarian rule, neither her husband's intoxication, if a fact, nor his manifestly gross negligence, constituted a defense to her action, nor did either absolve defendant from liability if it was negligent under that rule. The court properly so instructed the jury."

Illustrative of the rulings in relator's cases are: Gardner v. St. Louis Union Trs. Co. (Mo.), 85 S. W. (2d) 86, 89(4), a case arising out of an automobile collision and involving, as we read it, primary negligence as well as negligence under the humanitarian rule. It held an instruction advising the jury that if they found any of the "acts" of negligence hypothesized in other "instructions" the proximate cause of plaintiff's injuries, "then the fact that other collisions occurred at that same point did not excuse defendant" improperly commented upon the evidence under the somewhat out of common run of facts in said case. Phares v. Century Elec. Co., 336 Mo. 961, 967-969, 970, 971, 82 S. W. (2d) 91, 94-96(12), stated a litigant was not entitled to have the court weaken his adversary's case by informing the jury the testimony of expert witnesses was merely advisory.

Respondents did not rule that instructions which improperly single out and misleadingly comment on the evidence are proper. The facts in relator's cases differ from the facts now before us. This, relator concedes to a limited extent. We find no ruling of this court in direct conflict with respondents' ruling and, disregarding observations in cases tending to approve the questioned clause, are of opinion the facts

of relator's cases are so dissimilar as not to establish a conflict in rulings.

II. Relator also contends respondents' ruling that an assignment in relator's motion for new trial asserting error "in modifying instruction lettered 'G' " did not authorize a conviction of the trial court of error in refusing relator's Instruction "G" or giving Instruction "G" as modified, the opinion stating "the modification could not of itself hurt defendant." Relator's motion for new trial, referred to in respondents' opinion, discloses, among other things, that relator complained of the refusal of its Instructions "A" and "B" and the giving of plaintiff's Instructions "1" and "2" but made no similar complaints with reference to requested Instruction "G" or given Instruction "G". Relator's cases are to the effect that assignments of error, blanket in their nature, in a motion for new trial lodged against the reception or rejection of evidence or the giving or refusal of instructions are sufficient to authorize the review upon appeal of specific assignments in an appellant's brief against, respectively, the reception or rejection of particular evidence or the giving or refusing of particular instructions [Wampler v. Atchison, T. & S. F. Ry. Co. (Banc), 269 Mo. 464, 472, 476 (III), 190 S. W. 908, 909, 911(1); State ex rel·v. Reynolds (Banc), 278 Mo. 554, 556, 213 S. W. 782(1); State ex rel. v. Ellison, 282 Mo. 660, 661, 222 S. W. 783(1); Bobos v. Krey Packing Co., 317 Mo. 108, 114(I), 296 S. W. 157, 159(1); Doody v. California Woolen Mills Co. (Mo.), 216 S. W. 531, 534(3)]; and, a litigant being entitled to stand on declarations of law as requested, to the effect that requested instructions when modified by the court and given are treated as instructions of the court. [Matthews v. Central Coal & Coke Co. (Banc), 177 S. W. 650, 652(3); Nimmo v. Perkinson Bros. Const. Co. (Mo.), 85 S. W. (2d) 98, 103(7).] The scope of relator's assignment in its motion for new trial was limited and did not embrace the refusal or the giving of Instruction "G". [See, for instance, the Matthews case, supra.] The cases relied upon do not establish a conflict in the circumstances under review.

Our writ, improvidently issued, is quashed. *Cooley* and *Westhues*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.